**RINEHART, Appellant,**

v.

**RINEHART, Appellee.**

[Cite as *Rinehart v. Rinehart* (1993), 87 Ohio App.3d 325.]

Court of Appeals of Ohio,
Seneca County.

No. 13–92–42.

Decided April 23, 1993.

*Bonford R. Talbert, Jr.,* for appellant K. Denise Rinehart.

*Paul F. Kutscher, Jr.,* Seneca County Prosecuting Attorney, and *Dawn D. Root,* Assistant Prosecuting Attorney, for appellant Seneca County Child Support Enforcement Agency.

*Douglas A. Burtt,* for appellee James L. Rinehart.

SHAW, Judge.

Plaintiffs-appellants, K. Denise Rinehart (Mrs. Rinehart) and the Seneca County Child Support Enforcement Agency ("CSEA"), appeal the decision of the Seneca County Common Pleas Court in which defendant-appellee, James L. Rinehart (Mr. Rinehart), was found not to be in contempt of court.

The Rineharts were divorced on August 15, 1990. For support of the parties' two minor children, Mr. Rinehart was ordered to pay $150 per week.

On February 4, 1992, the CSEA filed an affidavit for a citation in contempt against Mr. Rinehart. The affidavit alleged that Mr. Rinehart had failed to comply with the August 15, 1990 court order and that, as of January 31, 1992, a $3,777.50 child support arrearage had accumulated. On May 8, 1992, the CSEA filed a motion in contempt accompanied by a supporting memorandum. A hearing was held on September 4, 1992. The trial court issued its judgment entry on October 20, 1992, finding that Mr. Rinehart was not in contempt of court.

Mrs. Rinehart and the CSEA thereafter brought the instant appeal, raising two assignments of error. In their second assignment of error, which we shall address first, appellants assert:

"The trial court's failure to consider plaintiff's and the CSEA's proposed findings of fact and conclusions of law violated Rule 6(A) of the Ohio Rules of Civil Procedure and is therefore prejudicial error."

Following the trial court's October 20, 1992 decision in the case, all parties filed requests for findings of fact and conclusions of law. In a judgment entry filed October 27, 1992, the trial court ordered that "each counsel shall have twenty-one (21) days from the file-stamped date of this entry to provide their findings of fact and conclusions of law."

On November 16, 1992, Mr. Rinehart filed his proposed findings of fact and conclusions of law. On November 17, 1992, Mrs. Rinehart and the CSEA separately filed proposed findings of fact and conclusions of law. On November 18, 1992, the trial court issued its findings of fact and conclusions of law, wherein the court found that only Mr. Rinehart had filed proposed findings of fact and conclusions of law within the twenty-one day time period.

Civ.R. 6(A) provides, in relevant part, as follows:

"In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday * * *."

In the case *sub judice,* the "date of the act, event, or default" was October 27, 1992, the date the trial court's entry was file-stamped. Upon counting the days, starting on October 28, 1992, pursuant to Civ.R. 6(A), we find that November 17, 1992 was the twenty-first day of the time period. Therefore, the proposed findings of fact and conclusions of law filed by appellants on November 17, 1992 were filed within the time period allotted by the trial court in its October 27, 1992 judgment entry. The trial court therefore erred in failing to consider those proposals and appellants' second assignment of error must be sustained.

In their first assignment of error, appellants assert:

"The trial court's finding that the defendant was not in contempt of court was an abuse of discretion."

R.C. 2705.02 provides, in relevant part:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]"

R.C. 2705.031(B)(1) provides as follows:

"(B)(1) Any party who has a legal claim to any support ordered for a child, spouse, or former spouse may initiate a contempt action for failure to pay the support. In Title IV–D cases, the contempt action for failure to pay support also may be initiated by an attorney retained by the party who has the legal claim, the

prosecuting attorney, or an attorney of the department of human services or the child support enforcement agency."

In a civil contempt proceeding for failure to pay court-ordered support, the movant must prove, by clear and convincing evidence, that the defendant violated the court order at issue. See *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 139, 15 OBR 285, 287, 472 N.E.2d 1085, 1088; see, also, *Internatl. Merchandising Corp. v. Mearns* (1989), 63 Ohio App.3d 32, 37, 577 N.E.2d 1128, 1131. The movant, however, is not required to prove that the defendant's disregard of the court order was willful or intentional. *Pugh,* paragraph one of the syllabus.

Once the movant has sufficiently demonstrated the defendant's failure to pay the support as ordered, the defendant bears the burden of alleging and proving his inability to comply with the court order, as the order imports a finding of the court that the defendant is able to pay. *Pugh,* 15 Ohio St.3d at 140, 15 OBR at 287–288, 472 N.E.2d at 1088, quoting *State ex rel. Cook v. Cook* (1902), 66 Ohio St. 566, 64 N.E. 567, paragraph one of the syllabus.

In the case *sub judice,* evidence adduced at the September 4, 1992 hearing established that, as of August 28, 1992, Mr. Rinehart was over $7,000 in arrears on his child support payments, even though he had been working on a regular basis for some time. More specifically, as of September 4, 1992, Mr. Rinehart's gross income for 1992 was $13,475. However, Mr. Rinehart had paid only $914.22 in child support during that same time period when, pursuant to the court order, he should have paid $5,250. We find that this evidence adequately established Mr. Rinehart's failure to comply with the court order.

We turn, then, to the issue of whether Mr. Rinehart sufficiently proved an inability to comply with the order. The only explanation or justification offered by Mr. Rinehart at the hearing for his failure to pay support related to August 1992, the month immediately preceding the hearing. Mr. Rinehart testified that he had grossed $850 in the month of August, yet he had paid no support for the entire month. When questioned about this, he stated, "I have expenses. I have to pay for my own gas and maintenance on the car." Mr. Rinehart later testified that he spent approximately $160 per month on gas. He provided no further explanation of his claimed inability to comply with the court order in August 1992.

As to the remaining months in which Mr. Rinehart failed to pay support, Mr. Rinehart offered no evidence as to why he did not comply with the support order. Mr. Rinehart presented no evidence of extraordinary additional financial obligations, higher than average living expenses, or extreme financial hardship due to factors outside his control which may have established an inability to comply with the support order. To the contrary, in defending against the contempt motion, Mr. Rinehart focused upon the amounts of child support which he had paid, and

upon his search for a higher paying job. However, the fact that Mr. Rinehart had partially complied with the support order and that he had made an effort to search for a better job does not change the fact that he failed to pay the support as ordered.

In sum, because the record clearly establishes that the defendant failed to comply with the court's support order and because the record contains absolutely no evidence tending to establish an inability to comply with the court order, we hold that the trial court abused its discretion in failing to find Mr. Rinehart in contempt of court.

Accordingly, appellants' first assignment of error is also sustained and the judgment of the Seneca County Common Pleas Court is reversed and the cause is remanded for consideration of plaintiffs-appellants' proposed findings of fact and conclusions of law and for entry of judgment consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., and THOMAS F. BRYANT, J., concur.