OPINION
Plaintiff-appellant, Michael Keeley, appeals from a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, that clarified his obligations under a divorce decree and found him in contempt.
Appellant and defendant-appellee, Marie Keeley, were granted a divorce on June 3, 1996. Pursuant to the final divorce decree, the trial court divided appellant's pension benefits between the parties. In addition, since appellant was awarded the marital residence, the trial court ordered appellant to refinance the residence and pay appellee $36,000 by September 3, 1996 for her share of the equity in the residence. Finally, the divorce decree contained a provision that ordered appellant to pay $7000 to appellee by September 3, 1996 for her share of a severance package received by appellant.
On November 4, 1996, appellee filed a motion for contempt against appellant, alleging that he had failed to comply with the court-ordered property division. On November 22, 1996, a magistrate conducted a hearing on appellee's motion. On December 9, 1996, the magistrate issued a decision that found appellant in contempt for failing to make the court-ordered payments to appellee for her share of the marital residence and the severance package. In addition, the magistrate interpreted and clarified the provision in the divorce decree that divided appellant's pension. The magistrate found that the divorce decree required appellant to pay half of his gross benefits to appellee, instead of half of the net benefits that he received. On December 20, 1996, appellant filed objections to the magistrate's decision. On January 23, 1997, the trial court overruled the objections and adopted the decision of the magistrate.
On appeal, appellant raises the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT ORDERED HIM TO PAY HIS FORMER WIFE HALF THE GROSS AMOUNTS OF HIS PENSION BENEFIT CHECKS, INSTEAD OF HALF THE NET AMOUNTS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT FOUND HIM IN CONTEMPT OF COURT.
In his first assignment of error, appellant contends that the trial court erred by finding that the divorce decree required him to pay appellee half of the gross amount of his pension benefits. If a provision of a divorce decree is subject to more than one reasonable interpretation, a trial court has jurisdiction to interpret and clarify the decree. Quisenberry v. Quisenberry (1993), 91 Ohio App.3d 341; Zbuka v. Zbuka (Aug. 3, 1992), Stark App. No. CA-8800, unreported.
When interpreting ambiguous decrees, courts have distinguished between divorce decrees that incorporate separation agreements and divorce decrees that only contain terms ordered by a court. See Scott v. Scott (Apr. 29, 1994), Lucas App. No. L-93-251, unreported. When a separation agreement has been incorporated into a divorce decree, the parties entered into an agreement, and the regular rules of contract construction must be applied to determine the meaning of the ambiguous provisions. Id. When the divorce decree only contains terms ordered by the court, the court retains jurisdiction to interpret and clarify what the court intended in the decree. Id. A trial court's interpretation of an ambiguous decree will not be reversed absent an abuse of discretion. Quisenberry at 348.
Appellant argues that the trial court erred in interpreting the following provision in the divorce decree:
 It is further ordered that Plaintiff's pension with the Police and Fireman's disability and pension fund shall be equally divided between the parties. Plaintiff shall elect the joint and survivor payment plan, option A 50%, set forth on exhibit A of stipulation document filed May 2, 1996, which reflects an estimated benefit of $2,287.48 per month. Plaintiff shall receive the full amount of $2,287.48 per month from the fund. Plaintiff shall then pay fifty percent (50%) of said amount, $1,143.74, per month, to the Defendant, commencing with the first month Plaintiff begins to receive his pension. Further, Plaintiff shall pay to Defendant half of any lump sum payment of the accrued, but unpaid pension benefits from May 27, 1995, forward.
After the divorce decree was entered, appellant received retroactive pension benefits. The gross amount of the benefits was $32,525.49. After taxes were deducted, the net amount of the pension check that appellant received was $28,574.56. Appellant paid appellee half the net benefit, or $14,287.28. In addition, after the divorce decree was entered, appellant began to receive monthly pension benefits. The gross amount of the benefits was $2,253.55 per month. After taxes were deducted, the net amount of the checks that appellant received each month were $1,964.45. Appellant paid appellee half the net benefits, or $982.22 per month.
The trial court found that the divorce decree required appellant to pay appellee half of the gross benefits. Thus, the trial court held that appellant owed an additional $1,975.48 to appellee for the retroactive pension benefits that he received. Further, the trial court found that appellant was obligated to make monthly payments of $1,126.78 to appellee. Therefore, the trial court ordered appellant to pay this amount prospectively and ordered appellant to pay an additional $144.56 for each month that he had paid appellee $982.22.
Appellant argues that since the divorce decree provides that the "pension fund shall be equally divided between the parties," he is only required to pay half of the net benefits that he receives. Initially, we note that the divorce decree only contained terms ordered by the court. Therefore, the trial court retained jurisdiction to interpret and clarify what the court intended in the decree. The divorce decree does not specify whether appellant's pension benefits are to be "equally divided" according to the gross amount or net amount. However, in determining the amount to be paid to appellee each month, the trial court specifically valued her share as half of the gross amount. Since this is the only specific reference to the amount to be paid to appellee, we conclude that it was not an abuse of discretion to find that the divorce decree required appellant to pay half of the gross amount of his pension benefits. See Guziak v. Guziak (1992), 80 Ohio App.3d 805. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred by finding him in contempt of court. A finding of contempt will not be reversed absent an abuse of discretion. Marden v. Marden (1996), 108 Ohio App.3d 568; Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302. A court may find a party in contempt where that party fails to comply with a lawful judgment or court order. R.C. 2705.02(A); Marden at 570. In a civil contempt proceeding, the movant must prove by clear and convincing evidence that the non-moving party violated a court order. Pugh v. Pugh (1984), 15 Ohio St.3d 136; Rinehart v. Rinehart (1993), 87 Ohio App.3d 325. The movant, however, is not required to show that the violation was "purposeful, willing or intentional." Id. Once the movant has established a prima facie case of contempt, the person who failed to comply with the order bears the burden of proving his inability to comply with the court order. Id. The person who failed to comply must show his inability to "be real and not selfimposed, nor due to fraud, sharp practices, or intentional avoidance." DeWitt v. DeWitt (Mar. 22, 1996), Darke App. No. 1386, unreported at 6, quoting Wagner v. Wagner (July 10, 1987), Montgomery App. No. CA-10115, unreported.
In the present case, there is no dispute that appellant failed to comply with the orders contained in the divorce decree. Appellant admitted that he failed to pay appellee $36,000 by September 3, 1996 for her share of the equity in the marital residence. Additionally, appellant acknowledged that he failed to pay appellee $7,000 by September 3, 1996 for her share of the severance package that he received. Therefore, the record contains clear and convincing evidence that appellant violated the trial court's orders.
After a review of the record, we also find that appellant failed to prove an inability to comply with the orders contained in the divorce decree. Appellant claimed that he failed to pay appellee her share of the equity in the marital residence because he was unable to obtain a quit claim deed from appellee in time to refinance the residence. The parties were divorced on June 3, 1996. However, the record reveals that appellant waited until July 13, 1996, to apply for refinancing. Even though appellant's refinancing application was approved on July 15, 1996, he waited until August 9, 1996, to send a fax to his attorney informing her that he needed a quit claim deed from appellee in order to complete the refinancing.
Appellant did not receive any response from his attorney prior to the passage of court-imposed deadline of September 3, 1996. Nevertheless, appellant made no efforts to contact his attorney or appellee prior to the passage of the deadline. Although appellant testified that he failed to contact appellee because he did not know her address or phone number, he acknowledged that he had been sending checks for spousal support to a family member's address. Appellant admitted that he did not attempt to contact appellee through this address.
Appellant waited until September 9, 1996, to finally contact his attorney about the quit claim deed. On September 12, 1996, appellant's attorney provided him with a quit claim deed that had been signed by appellee on September 11, 1996. However, in the meantime, the deadline imposed by the trial court had passed, and since forty-five days had elapsed from the date that appellant's loan application was approved, the bank's refinancing approval was withdrawn. Based upon the foregoing, we conclude that appellant's failure to comply with the court's order to pay appellee her share of the marital equity by September 3, 1996 was due to his own lack of effort and self-imposed. Therefore, the trial court did not err in finding that appellant had failed to show an inability to comply with the court order.
Appellant also argues that the money he owes appellee for her share in his severance package should be reduced by $2,600 because he paid appellee's share of a credit card debt. The divorce decree ordered each party to pay half of the debt. The trial court estimated that each party's share would be $2,600.
At the contempt hearing, appellant claimed that he had paid appellee's share of the credit card debt. However, appellant did not provide any supporting documentation. The trial court was in the best position to evaluate the evidence and assess the credibility of appellant. See Ostendorf-Morris Co. v. Slyman (1982). We find that the trial court did not abuse its discretion in finding that appellant failed to demonstrate that he paid appellee's share of the credit card debt. Therefore, the trial court did not err in refusing to reduce the amount owed to appellee as her share of appellant's severance package.
Based upon the foregoing, we conclude that the trial court did not abuse its discretion in finding appellant in contempt of court. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.