[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, Gary L. Bucher (Gary), appeals from post-decree judgment of the Crawford County Court of Common Pleas, Domestic Relations Division. Appellee, Rhoda Lynn Bucher (Rhoda), has not filed an Appellee's brief or otherwise appeared in this action.
Gary and Rhoda were divorced on June 13, 1991, ending their six year common law marriage. One minor child, Gary Bucher, Jr., was born to the parties during their marriage. The divorce decree set forth a shared parenting plan, designating Gary as the residential parent. No monthly child support obligation was ordered, but Rhoda was obligated to share in day care expenses, medical expenses for Gary, Jr., and to "make annual expenditures directly on the child for necessities, in the amount of $250.00." Several post-decree proceedings were held. On April 11, 1996, upon Gary's motion to establish support, Rhoda was instructed to pay a "minimum order of support" of $50 per month in child support.
On December 10, 1996, Rhoda filed a motion to change custody. Gary, on December 26, 1996, filed motions requesting the shared parenting plan be terminated and that he be awarded permanent custody. Gary also requested a modification in child support, attorney's fees, and that Rhoda be held in contempt for failing to comply with prior court orders. In the magistrate's findings of fact and conclusions of law, it was recommended that the shared parenting plan be terminated and custody of Gary, Jr. be awarded to Gary. The magistrate also found that Rhoda's child support obligation of $50 per month should continue, that Rhoda be able to claim Gary, Jr. as a dependent for federal income tax purposes, and that Rhoda not be held in contempt. Despite Gary's objections to the magistrate's recommendations, the trial court adopted the magistrate's decision in its entirety on January 20, 1998. Gary now takes this appeal.
Gary raises eight assignments of error.
 I.
In Gary's first assignment, he claims the trial court erred when it adopted the magistrate's decision which improperly computed Rhoda's child support obligation as $50 per month, contrary to R.C. § 3113.215.
In its findings of fact and conclusions of law, the magistrate determined that Rhoda's monthly child support obligation shall remain the same due to her low "take home [pay of] $100.03 a week." The magistrate concluded, "[t]he guidelines will be adjusted in such an amount to result in the mandatory $50.00 per month support order and therefore no support worksheetis necessary." (emphasis ours). There is no child support worksheet in this record.
Where a modification to a child support is sought, "the courtshall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule
and pursuant to the applicable worksheet." R.C. § 3113.215(B)(4) (emphasis added). Compliance with this section is mandatory.Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496.
 A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record.
 The terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects.
 Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination.
 Id. (syllabus, paras. one, two and three).
Here, the magistrate expressly determined no worksheet was necessary when calculating Rhoda's child support obligation because it "adjusted" the "guidelines" to result in a minimum amount of support owed. We are unaware of any adjustment which may be made to the "guidelines"[1] which would relieve a court of its mandatory obligation to 1) complete the child support worksheet, 2) apply the results to the basic child support schedule, and 3) cause the worksheet to be made part of the court's record. Marker, supra. Without the applicable child support worksheet in this record, we cannot determine whether the court's calculation of Rhoda's child support obligation was in error. Accordingly, the trial court erred when it determined Rhoda's child support obligation without using the mandatory basic child support schedule and applicable worksheet in R.C. § 3113.215.DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 540, 679 N.E.2d 266,270-271 (when computing child support, a court "must apply Child Support Guidelines as required by the standards set out inMarker."); Aiello v. Aiello (Sept. 11, 1996), Seneca App. No. 13-96-12, unreported (where we held that when a court calculates child support, compliance with R.C. 3113.215 requires the court use a worksheet, identical in form and content, as to those found in R.C. 3113.215).
This case must be remanded for a proper computation of Rhoda's child support obligation by completion of the applicable child support worksheet. See, R.C. § 3113.215.
Gary's first assignment of error is sustained.
 II.
In Gary's second, third and fourth assignments he claims the trial court erred by not finding Rhoda in contempt for failing to comply with three court orders. These assignments will be discussed together.
Revised Code § 2705.02 provides that,
 A person guilty of any of the following acts may be punished as for a contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer.
Gary argues Rhoda did not obey prior court orders and that the court erred when it did not find Rhoda in contempt for her disobedience. Clearly, R.C. § 2705.02 does not mandate that a trial court find a party in contempt when disobedience occurs.
 `[S]ince the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the [court].' Denovchek v. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362, 1364. The court that issued the order sought to be enforced is in the best position to determine if that order has been disobeyed.
State ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249, 252,648 N.E.2d 1355, 1357.
Gary's assignments specifically challenge the court's interpretation of the evidence. Where, as here, one disputes a court's fact findings, a court's judgment, supported by some competent, credible evidence, will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578;Johnson v. Johnson (1991), 71 Ohio App.3d 713, 595 N.E.2d 388.
Gary first argues Rhoda should have been found in contempt for not attending family counseling sessions as required by court order. The court's entry of August 8, 1996, which found both Rhoda and Gary in contempt, ordered that each shall serve five days in jail, suspended, on the condition that Gary and Rhoda "attend family counselling with the Crawford County Community Counselling Services."
The magistrate found that Rhoda had contacted the family counseling center and sought reduced fees based on her lack of income, but was denied reduced fees because she did not reside in Crawford County. Further, the magistrate found that the obligation to attend family counseling required cooperation from Gary, which was not found. Also, the court found that Rhoda did attend private counseling sessions at Lutheran Brotherhood Services. The magistrate then determined that Rhoda should not be held in contempt for failing to attend the counseling services as required by the prior court order. The court's finding is supported by substantial, competent, credible evidence and its conclusion is within its discretion. Next, Gary claims the court erred when it failed to find Rhoda in contempt for failing to pay for Gary's drug testing expenses. The court order of September 7, 1995 required Gary, once each month for one year, to take tests for suspected marijuana use. Further, the court ordered that "Rhoda Lynn Bucher, shall be responsible for payment of all fees associated with said tests." Rhoda admitted that she did not pay for any of Gary's drug tests as ordered by the court. However, the court, citing several examples of Rhoda's then financial difficulties, found that she lacked the means to pay for these tests. Inability to comply with an order of payment is a defense to contempt. State ex rel. Cook v. Cook (1902), 66 Ohio St. 566,64 N.E. 567; Rinehart v. Rinehart (1993), 87 Ohio App.3d 325,328, 622 N.E.2d 359, 361. The court's finding that Rhoda lacked the financial ability to pay for Gary's drug tests is supported by substantial, competent, credible evidence.
Finally, Gary claims the trial court erred when it adopted the magistrate's finding that Rhoda should not be held in contempt for failing to pay ordered child support. The court ordered on April 11, 1996 that "Rhoda Bucher shall pay to Plaintiff Gary Bucher as and for child support the sum of Fifty and 00/100 ($50.00) Dollars per month plus poundage via wage assignment from her current employment at Meijers."
Here, the magistrate recognized that Rhoda owed, at the time of the hearing, $401.61 in overdue child support. The court, however, found that the Child Support Enforcement Agency (C.S.E.A.) case worker, called as a witness by Gary, was unable to state conclusively that Rhoda failed to advise C.S.E.A. of her change in employment. The court then concluded that Gary had not proved that Rhoda failed to make child support payments via wage assignment from Meijers. This decision of the court is also supported by competent, credible evidence and will not be disturbed here.
Accordingly, for these reasons, Gary's second, third, and fourth assignments of error are overruled.
 III.
In Gary's fifth assignment he claims the trial court erred when it granted the minor child tax dependency exemption to Rhoda, the non-residential parent, contrary to R.C. § 3113.21(C)(1)(e).
 In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income taxes.
Singer v. Dickinson (1992), 63 Ohio St.3d 408, 416,588 N.E.2d 806, 812.
The overriding consideration is the "child's best interest." Id.
Here, as noted in our discussion of Gary's first assignment of error, the trial court failed to cause a child support worksheet to be completed when determining whether a modification in child support payments was necessary. As there is no indication in this record that the trial court completed a child support worksheet, or otherwise considered the "pertinent factors" as set forth in Singer, the trial court erred when it moved on to a decision concerning the allocation of the tax dependency exemption pursuant to R.C. § 3113.21(C)(1)(e). Id. Accordingly, Gary's fifth assignment of error is sustained.
 IV.
In Gary's sixth assignment he claims the trial court erred when it failed to award him attorney's fees.
Gary argues the trial court erred by not awarding him attorney's fees pursuant to R.C. § 3105.21(C), R.C. § 3113.219(B) and R.C. § 3105.18(H). However, because the court did not find Rhoda in contempt for failing to pay child support, Gary was not entitled to attorney's fees under R.C. § 3105.21(C).
Further, pursuant to R.C. § 3113.219(B) and R.C. § 3105.18(H) an award of attorney's fees is left to the sound discretion of the trial court. Thus, the court's decision here, on whether or not to award attorney's fees, will not be disturbed absent an abuse of discretion. Birath v. Birath (1988), 53 Ohio App.3d 31, 39,558 N.E.2d 63; Willis v. Willis (1984), 19 Ohio App.3d 45,482 N.E.2d 1274.
Here, the court found that there was a reasonable basis for Rhoda's motion to change custody and Gary was not required to defend an entirely baseless claim. The court noted that Gary's arrest and incarceration for drunk driving and Gary's failure to pass drug a test were some factors which provided Rhoda a reasonable basis for her motion to change custody. The trial court's decision to deny Gary attorney's fees was not an abuse of discretion. Id.
Gary's sixth assignment of error is overruled.
 V.
In Gary's seventh assignment he claims the court erred by "modifying a prior order of the Court without a motion by either party requesting the same."
The order Gary claims the court improperly modified was entered in the divorce decree, and requires Rhoda to pay up to $150 per year for the medical expenses of Gary, Jr. Gary claims the court, sua sponte, modified this order to make Gary responsible for such costs based on a perceived "typographical error."
This issue arose during the magistrate's determination into whether Rhoda should be held in contempt for not paying Gary, Jr.'s medical expenses. In its findings of fact and conclusions of law, the magistrate determined only that Rhoda should not be held in contempt of court. Gary does not assign error to this determination.
Rather, Gary's assignment of error complains only of an improper modification of a prior court order. Nothing in this record, however, indicates the court modified the order identified by Gary. Here, the court merely chose not to use such order as a basis for a contempt finding. The court reasoned that because the order was contrary to local rule and practice, and most likely a "typographical error," it would not be fair to punish Rhoda for a drafting error. The court even specifically recognized that "[t]he entry has not been corrected."
Because Gary's assignment of error does not challenge actual action taken by the trial court, his seventh assignment is overruled.
 VI.
In Gary's final assignment, he claims the trial court erred when it merely "rubber stamped" the decision of the magistrate.
In its separate judgment entry, the court stated it entered the recommendation of the magistrate after "thoroughly reading the entire matter including the transcript of the hearing of the Magistrate." There is no indication in the record that the trial court did not "critically review and verify to its own satisfaction the correctness of [the magistrate's] report."Normandy Place Assoc. v. Beyer (1982), 2 Ohio St.3d 102, 105,443 N.E.2d 161, 164. Therefore, Gary's eighth assignment of error is without merit and is overruled.
Judgment continuing Rhoda's child support obligation is reversed with instructions that the court make its determination on modification of child support only after properly completing and using the child support worksheet pursuant to R.C. § 3113.215. Further, judgment granting to Rhoda the right to claim the minor child as a dependent for tax purposes is also reversed with instruction to complete a child support worksheet and review all pertinent factors relating to the dependency exemption as set forth in Singer, supra and R.C. § 3113.21(C)(1)(e). In all other respects, the judgment of the Crawford County Court of Common Pleas is affirmed.
Judgment is affirmed in part, reversed in part and cause is remanded.
SHAW, P.J., and HADLEY, J., concur.
[1] Apparently, the court's reference to "guidelines" is meant to be the "Basic Child Support Schedule" as set forth in R.C. § 3113.215(D).