The Highland County Child Support Enforcement Agency, on behalf of Eric Wait, (the "CSEA"), initiated a contempt action against Melissa Wright (n.k.a. Heis) for her failure to make her court-ordered child support payments. The Highland County Court of Common Pleas, Juvenile Division, dismissed the action,[1] finding that the CSEA failed to show that Wright has the ability to make the payments. The CSEA appeals, asserting that the trial court abused its discretion by finding that Wright is not in contempt, and that the trial court erred in placing the burden of proof upon it, rather than upon Wright, on the issue of ability to pay. While we agree with the CSEA's contention that the burden of proof regarding ability to pay rests with Wright, we find that Wright met her burden, and that the trial court properly dismissed the contempt action based upon the CSEA's failure to rebut Wright's inability to pay defense. Accordingly, we affirm the judgment of the trial court.
 I.
In October 1998, the CSEA filed a motion to show cause against Wright based upon Wright's failure to make child support payments for a period of six continuous months. At the hearing on the motion, Wright admitted that she made no payments toward her child support obligation after May 11, 1998. Wright testified that she was no longer able to make her payments, which up until that time were withheld from her wages, after her employer terminated her in May 1998.
Wright explained on direct examination that she lost her job because her former employer refused to accept the work excuses she submitted from her chiropractor. She filed for unemployment, but did not qualify for benefits. Wright also was hospitalized shortly after she lost her job due to dehydration, a condition apparently unrelated to her chiropractic problems. Wright further testified that she called five or six employers, but did not qualify to work for them because she lacks a high school diploma or GED, which most require as a prerequisite to employment. At the time of the hearing, Wright was six months pregnant, and therefore was unable to accept jobs requiring her to lift more than ten pounds or stand for lengthy periods of time. Finally, Wright testified that she plans to return to work as soon as she has her baby and receives clearance from her doctor.
The trial court found Wright's testimony, which the CSEA did not rebut, to be credible. Therefore, the trial court determined that Wright was unable to make her child support payments and dismissed the contempt action against her. The CSEA appeals, asserting the following assignments of error:
 I. THE TRIAL COURT'S FINDING THAT THE DEFENDANT WAS NOT IN CONTEMPT OF COURT WAS AN ABUSE OF DISCRETION.
 II. THE TRIAL COURT ERRED IN RELYING ON RINEHART V. RINEHART AS THE BASIS FOR ITS DISMISSAL OF THE CONTEMPT MOTION FILED BY THE CSEA.
 II.
In its first assignment of error, the CSEA asserts that the trial court abused its discretion by not finding Wright in contempt though it proved all elements of contempt. In its second assignment of error, the CSEA asserts that the trial court misinterpreted Rinehart v. Rinehart (1993), 87 Ohio App.3d 325, to require it to place the burden on the CSEA, rather than upon Wright, to establish the affirmative defense of inability to pay. Specifically, the CSEA points to the portion of the trial court's entry which states that the CSEA did not "rebut the position of [Wright] that she has been unable to work * * * [or] present any credible evidence on the issue of inability to pay." The CSEA argues that these statements reflect that the trial court placed the initial burden regarding ability to pay with the CSEA.
Wright concedes, as the CSEA asserts in its first assignment of error, that the CSEA established a prima facie case for contempt. However, Wright asserts that the trial court did not abuse its discretion by dismissing the case despite the CSEA's prima facie case, because she presented clear and convincing evidence of her inability to pay, an affirmative defense to contempt. Thus, Wright believes that the trial court correctly applied Rinehart when it shifted the burden of proof back to the CSEA after she established her inability to pay.
A person may be punished for contempt if she fails to obey a lawful court order. R.C. 2705.02. An appellate court will not reverse a trial court's order in a contempt proceeding absent an abuse of discretion. Dozer v. Dozer (1993), 88 Ohio App.3d 296,302. An abuse of discretion connotes more than an error of judgment; it implies a decision which is without a reasonable basis, and is clearly wrong. Angelkovski v. Buckeye PotatoChips Co. (1983), 11 Ohio App.3d 159.
In a contempt proceeding for failure to pay court ordered child support, the movant for contempt must establish by clear and convincing evidence that the obligor is in contempt for failure to pay support. Pugh v. Pugh (1984), 15 Ohio St.3d 136,139. The burden then shifts to the obligor to establish inability to pay by a preponderance of the evidence. Id. at paragraph one of the syllabus. This burden shift is necessary because the underlying child support order implies a finding by the trial court that the obligor possesses the ability to pay.Rinehart at 328, citing Pugh at 140. When the trial court weighs all the evidence presented by the movant and the obligor, if the obligor presented a preponderance of evidence establishing her inablity to pay, the trial court cannot find her in contempt. Id.
In this case, we find that the CSEA presented clear and convincing evidence that Wright failed to make her scheduled payments for child support. The CSEA asserts that Wright did not present any evidence of her inability to pay, and merely alleged she is unable to work and make payments. However, a brief review of the transcript reveals that Wright, through her own testimony, established her inability to pay. Wright testified about her chiropractic and other medical problems, and the fact that she does not have a high school diploma or GED certificate. The CSEA chose not to attempt to discredit Wright's testimony, and thus, the preponderance of the evidence before the court indicated that Wright was unable to pay. Therefore, we find that the trial court correctly dismissed the contempt motion based upon the CSEA's failure to rebut Wright's evidence that she did not have the ability to make her child support payments.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: ____________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Though the trial court styled its entry as a dismissal, it appears the court simply intended to deny the motion for contempt. Neither party complained about the error, and it does not affect our resolution of the issues raised in this appeal.