DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellees-plaintiffs Marjorie Thurman and the Medina County Child Support Enforcement Agency ("CSEA") appeal an order finding appellant-defendant William Thurman not in contempt of court for failure to pay child support. This Court reverses.
 I.
Marjorie and William were divorced in 1973. The trial court granted Marjorie custody of their two children and William was ordered to pay child support of fifty dollars per week. Since then, Marjorie's claims for child support have suffered through a long and grueling procedural journey before finally coming to rest at this Court.
On November 6, 1980, William was found to be delinquent in his child support payments. As a result, William was ordered to execute a written assignment of wages.
On June 10, 1981, pursuant to Marjorie's motion, William was found in contempt of court for failure to pay child support. William was sentenced to seven days in jail unless he purged his contempt by paying the arrearage of $2,091. William paid $1,000 and the trial court declared that the contempt was purged.
In 1984, Marjorie filed another motion to have William held in contempt for failure to pay child support. On May 11, 1984, in an agreed judgment entry, William admitted that he owed $8,811 in arrearages and agreed to pay $25 per week to satisfy the arrearage.
On May 22, 1990, Marjorie was awarded a lump sum arrearage of $4,943.25. The Thurman children had been emancipated in 1983 and 1985, respectively. Thus, support payments had already terminated.
Again, in 1993, Marjorie moved to have William held in contempt. As a result, on June 30, 1993, in another agreed judgment entry, William admitted that he was in contempt and agreed to serve three days in jail. The trial court ordered William to pay $75 per month for six months in order to purge this contempt.
On April 24, 1996, pursuant to Marjorie's motion, the trial court found that William's arrearage remained at $4,943.25, as decreed in the May 22, 1990 order. William was ordered to pay $75 per month to satisfy this arrearage. William apparently failed to comply with this order, thereby leading to the motion that is the subject of the current appeal.
On October 1, 1996, the CSEA filed a motion to have William held in contempt. The motion was referred to a magistrate. The magistrate concluded that Marjorie was entitled to a lump sum judgment in the amount of $3,374.27 in child support arrearages. However, despite noting that William "admitted he has not paid since 1995," the magistrate refused to find William in contempt, stating:
 [William] has been an over-the-road truck driver for 32 years. Approximately five years ago he declared bankruptcy due to business difficulties. Although he makes good money, his expenses exceed his income. The monthly payments on his truck and the first and second mortgages on his wife's home total nearly $3,200.00. The house is in his wife's name and they have been separated for approximately 10 years. The amount due and owing on the truck equals its fair market value. [William] owns no other property nor has any bank accounts.
 [William] also is paying off a substantial debt to the IRS for failure to pay income taxes.
 The Magistrate finds [William] is not in contempt at this time. He works 360 days per year, but still does not earn enough to pay all his debts. He did not have the ability to pay.
The trial court adopted the magistrate's opinion over the objections of Marjorie and the CSEA. Marjorie and the CSEA appeal.
 II.
Marjorie's sole assignment of error states:
 THE TRIAL COURT'S FINDING THAT [William] WAS NOT IN CONTEMPT OF COURT WAS AN ABUSE OF DISCRETION.
R.C. 2705.031(B)(1) generally authorizes "[a]ny party who has a legal claim to any support ordered for a child" to initiate a contempt action for failure to pay the support.
 In a civil contempt proceeding for failure to pay court-ordered support, the movant must prove, by clear and convincing evidence, that the defendant violated the court order at issue. * * *
 Once the movant has sufficiently demonstrated the defendant's failure to pay the support as ordered, the defendant bears the burden of alleging and proving his inability to comply with the court order.
(Citations omitted.) Rinehart v. Rinehart (1993), 87 Ohio App.3d 325,328.
In the instant case, William admitted that he had violated a court order when he admitted that he had not made any support payments since 1995. Therefore, the only remaining issue is whether William has carried the burden of proving that he was unable to comply with the court order. In that regard, Marjorie does not challenge the magistrate's findings of fact. Instead, Marjorie merely argues that the facts as determined by the magistrate fail to demonstrate that William was unable to comply with the court order. This Court agrees.
The magistrate found that William was unable to make the ordered payments because his expenses exceeded his income. The magistrate based this conclusion in part on the fact that William was paying a total of $3,200 per month for his truck and for two mortgages on the home of his estranged second wife. However, an obligor is only excused from making payments when his inability to pay is "due to circumstances beyond his own power." Anderson v.Anderson (Dec. 1, 1998), Columbiana App. No. 96 CO 21, unreported. It is well within William's power to re-allocate the money that he currently spends to pay two mortgages on a home that he does not live in for a wife with whom he has not lived for ten years. In so doing, William should have no trouble finding $75 per month to satisfy a support arrearage that has existed in one form or another for nearly twenty years.
William's children are now over thirty years old. Their mother has been trying to collect child support from William for nearly twenty years. William has been found delinquent and ordered to assign his wages, found in contempt and ordered to make payments, admitted that he owed an arrearage and agreed to make additional payments on the arrearage, admitted to being in contempt for failure to pay the arrearage and agreed to make payments on the arrearage, ordered a third time to make payments on the arrearage, and finally, again, admitted to being in contempt for failure to pay the arrearage. It is unconscionable that after twenty years of litigation William still has not satisfied his obligation to his children. If William can find the money to provide a house for his estranged wife, he can surely find the money to satisfy the obligation that he owes to his children.
The judgment herein is reversed and the cause is remanded for the entry of an order finding William in contempt and imposing an appropriate sanction.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. ___________________________ DONNA J. CARR
FOR THE COURT
SLABY, P. J.
CONCURS IN JUDGMENT ONLY
BAIRD, J.
CONCURS