OPINION
Appellant Karinda J. Sanchez ("Sanchez") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying her motion for a modification of custody.
Appellee Brent J. Lawrence ("Lawrence") and Sanchez had their marriage dissolved on March 12, 1993. Two children were born during the marriage: Nathan (D.O.B. December 2, 1989) and Heather (D.O.B. February 21, 1991). At that time, Lawrence was named the residential parent and no child support was required of Sanchez pursuant to a separation agreement. On March 30, 1994, Lawrence filed a motion requesting child support. The trial court granted child support on May 5, 1995. On November 22, 1999, Sanchez filed a motion to modify the allocation of parental rights. Sanchez then filed a motion to appoint a Guardian Ad Litem ("GAL") on February 9, 2000. The basis for this motion was that the children would be subject to in camera interviews and thus a GAL is required by R.C. 3109.04(B)(2)(a). The motion was granted on February 17, 2000, and the trial court granted the GAL broad investigative authority. The GAL filed her report on May 4, 2000.
On April 6, 2000, the Allen County Child Support Enforcement Agency ("ACCSEA") filed a motion for contempt against Sanchez. On May 22, 2000, Sanchez filed a motion for psychological/best interest evaluation of the parties and the children. The motion was overruled without a hearing on June 14, 2000. The children were interviewed in camera by the court on two occasions. A trial was held on July 28, 2000, and September 8, 2000. During the trial, Sanchez wished to fully cross-examine the GAL, but the scope of the examination was limited by the trial court. On September 20, 2000, the trial court entered judgment overruling Sanchez's motion for a reallocation of parental rights and finding Sanchez in contempt of court for failure to pay child support.
 Sanchez raises the following assignments of error.
The trial court erred when it denied Sanchez the right to examine the GAL regarding her investigation and her findings, conclusions, and recommendations contained in her report filed with the trial court.
The trial court erred when it denied Sanchez's motion for and refused to order psychological/best interest of the children evaluation of the parties and the children.
The trial court erred when it did not modify the former orders regarding parental rights and responsibilities by denominating Sanchez the residential parent of the parties' two children.
The trial court erred when it found appellant in contempt of court for nonpayment of child support when appellant had been on medical leave from work for almost two years at the time of the hearing.
The first assignment of error claims that the trial court improperly limited the cross-examination of the GAL by Sanchez. R.C. 3109.04(C) provides in pertinent part:
 Prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations. The report of the investigation and examinations shall be made available to either parent or his counsel of record not less than five days before trial, upon written request. The report shall be signed by the investigator, and the investigator shall be subject to cross-examination by either parent concerning the contents of the report.
 Here, the trial court granted broad investigative powers to the GAL. The GAL exercised the powers by speaking to the parties, the step-parents, the children, the teachers of the children, their physician, and the paternal grandmother. From her report, there is no question that the GAL acted in an investigative capacity reporting to the court at the court's request. Thus, she is subject to cross-examination pursuant to R.C. 3109.04(C).
In this case, the trial court relied upon an unwritten policy of the Allen County Court of Common Pleas to strictly limit the scope of cross-examination of the GAL to the qualifications of the GAL and the methodology used for making findings of fact and reaching conclusions. However, a policy that is not written is nothing more than a custom and does not provide us with the guidance necessary to review the appropriateness of the rulings based upon this policy. Given the facts of this case, we note that Sanchez was not permitted to question the factual basis for the conclusions. Although counsel should not be permitted to argue with the GAL concerning her conclusions, counsel should be permitted to question the factual basis for those conclusions. Here, Sanchez proffered questions concerning the factual basis for the conclusions reached by the GAL.[1] The judgment entry of the trial court indicates that the trial court relied upon the GAL's report in reaching its decision. By denying Sanchez the right to a meaningful cross-examination of the GAL, the trial court has not complied with R.C.3109.04(C) and the first assignment of error is sustained.
In the second assignment of error, Sanchez argues that the trial court erred by denying her motion for a psychological evaluation of the parties and the children. R.C. 3109.04 provides that the trial court may order a psychological evaluation of the parties. However, the statute does not mandate that the trial court do so. Thus, the decision is left to the discretion of the trial court. Stone v. Stone (1983), 9 Ohio App.3d 6,457 N.E.2d 919.
Here, the trial court denied Sanchez's motion for an evaluation. This denial was based upon the trial court's decision that the evaluation would be nothing more than a duplication of the information contained in the GAL's seventeen page report, which made the trial court aware of Nathan's possible psychological problems. This prompted the trial court to suggest counseling for Nathan, which implies that an evaluation will be done for the purposes of treatment. The reason for this denial is not unreasonable. Thus, the trial court did not abuse its discretion in refusing to require psychological evaluations of the parties and the children. The second assignment of error is overruled.
The third assignment of error claims that the trial court erred in concluding that Lawrence's home is the proper place for the children. In determining whether to modify custody, the trial court must apply a two part test. R.C. 3109.04(E).
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * * unless a modification is in the best interest of the child and one of the following applies.
 * * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
R.C. 3109.04(E)(1)(a).
In this case, the trial court determined that a change of circumstance had occurred. These changes included the remarriage of the residential parent and that two additional children have been added to the household. Based upon these factors, the trial court did not abuse its discretion by finding a change of circumstances. Since we have sustained the first assignment of error regarding the GAL's report, the question of the best interest of the children will need to be revisited. Thus, the assignment of error is moot.
The final assignment of error addresses the finding that Sanchez is in contempt of court for failure to pay child support. "Once the movant has sufficiently demonstrated the defendant's failure to pay the support as ordered, the defendant bears the burden of alleging and proving his inability to comply with the court order, as the order imports a finding of the court that the defendant is able to pay." Rinehart v. Rinehart
(1993), 87 Ohio App.3d 325, 622 N.E.2d 359. Here, the ACCSEA records show that Sanchez was more than $12,000.00 in arrears. This arrearage began accumulating in 1995. Sanchez argues that she was unable to pay support because she was out of work for almost two years. Evidence was presented at trial that Sanchez had not worked since November 2, 1998. Two letters from doctors were admitted into evidence. These letters stated that Sanchez was unable to work at this time. The records also revealed that although Sanchez was more than $12,000.00 in arrears, she had consistently made small payments to ACCSEA. However, this testimony, while possibly proving an inability to pay from the December 1998 surgery forward, does not explain the failure to pay support while employed. Thus, the trial court did not abuse its discretion in finding Sanchez to be in contempt. The fourth assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed in part and reversed in part and the cause is remanded for further proceedings.
 ___________________ BRYANT, J.
[1] For example, Sanchez wished to question the GAL concerning the allegations of physical abuse in the Lawrence household and her knowledge or lack of knowledge concerning Sanchez's counseling.