OPINION
{¶ 1} Defendant-appellant Mark Patterson appeals from an order of the trial court holding him in contempt of previous orders of the court, imposing sanctions for the contempt, and setting amounts of spousal support and child support. Mark Patterson contends that the trial court erred when it overruled an objection to a magistrate's decision upon the ground that the objection constituted an objection to findings of fact, and Mark Patterson had not provided the trial court with a transcript to support the objection.
 {¶ 2} Mark Patterson posited five grounds for his objection to the magistrate's decision. We conclude that three of these objected to the magistrate's findings of fact. Consequently, the trial court properly overruled those objections upon the ground that it had not been provided with a transcript of the hearing before the magistrate, as required by Civ.R. 53(E)(3)(c). One remaining ground derived its validity from the three finding-of-fact objections, and therefore has no independent vitality. The remaining ground asserts that the trial court was without jurisdiction in the matter, "when there was pending before the court an objection to the previous orders of the Magistrate." We conclude that this ground for objection is clearly without merit, since any irregularity in the manner in which the issues were referred to the magistrate and considered, successively, by the magistrate and by the trial judge, would not affect the jurisdiction of the trial court. Consequently, the error of the trial court in determining that Mark Patterson's third grounds for objection constitutes an objection to a finding of fact is harmless, because this objection is clearly without merit, as a matter of law, and was therefore properly overruled by the trial court. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} The parties were divorced in 1997. At that time, Mark Patterson was ordered to pay child support and spousal support.
 {¶ 4} In October, 2001, plaintiff-appellee Dianne Patterson filed a motion for an order finding Mark Patterson to be in contempt for failure to pay child support and spousal support, in accordance with the divorce decree. At that time, a request by the Child Support Enforcement Agency was pending for a mistake-of-fact hearing. On November 29, 2001, both the contempt issue and the mistake-of-fact issue were heard by a magistrate. This resulted in a decision and order of December 17, 2001, to which Mark Patterson objected.
 {¶ 5} A new charge of contempt was filed by Dianne Patterson on January 15, 2002. That charge, or motion, was heard by a magistrate on February 8, 2002. This resulted in a new decision and order holding Mark Patterson in contempt, imposing sanctions, and setting spousal support and child support. The new decision and order, together with an entry of the trial court immediately adopting and ratifying that order, was filed on February 20, 2002. This appears to have superseded the earlier order of the trial court. Although the earlier order, of December 13, 2001, had not been expressly vacated at the time of the subsequent order of February 20, 2002, a timely objection to the December 13, 2001 order had been interposed by Mark Patterson, Dianne Patterson had filed a notice of potential conflicts of interest involving both Mark Patterson's attorney and the trial judge who had entered the December 13, 2001 order, and it appears that the December 13, 2001 order was abandoned, and superseded by the decision and order of February 20, 2002.
 {¶ 6} The magistrate's decision of February 20, 2002, was the subject of a timely objection by Mark Patterson.
 {¶ 7} By entry filed March 29, 2002, the trial court vacated the findings and recommendation set forth in the magistrate's decision of December 13, 2001, and ordered "that all matters before the Court on November 29, 2001, shall be reassigned for further evidentiary hearing before the Magistrate." This entry went on to order that: "Additionally, the parties may address any subsequent matters that have been filed since the hearing was held on November, 2001." Thus, the matters that were the subject of the December 13, 2001 order, which, by virtue of the pending, unresolved objection to that order, had never become final, were again referred to the magistrate for hearing, thereby effectively extinguishing the December 13, 2001 order, as well as the subsequent magistrate's order of February 20, 2002.
 {¶ 8} It appears that an evidentiary hearing was held before the magistrate on August 9, 2002. This resulted in a decision of the magistrate on September 10, 2002, which was immediately ratified and adopted by the trial court. Like the previous decisions and orders, this decision and order found Mark Patterson to be in contempt, imposed sanctions, and established spousal support and child support. Mark Patterson filed timely objections to this decision. Dianne Patterson, also, filed objections to the September 10, 2002 decision, but she subsequently withdrew her objections.
 {¶ 9} On August 14, 2003, the trial court overruled Mark Patterson's objections, and adopted the magistrate's decision of September 10, 2002. From the trial court's order of August 14, 2003, Mark Patterson appeals.
 II {¶ 10} Mark Patterson's sole assignment of error is as follows:
 {¶ 11} "The reviewing [sic] court erred when it ruled that it would review none of the objections of mark patterson because no transcript of the hearing before the magistrate had been filed with the reviewing [sic] court."
 {¶ 12} To begin with, although a trial judge is required to consider objections to magistrate's decisions with respect to matters referred to the magistrate, a trial court is not a "reviewing court." A trial court is a court of original jurisdiction, and a trial judge has full authority to rule on all matters before the trial court, even if the trial judge may previously have referred those matters to a magistrate. An order of reference to a magistrate does not, indeed cannot, limit the jurisdictional powers of the referring judge, who is free to revoke the order of reference, and return the referred matters to trial judge's sole consideration. An order of reference to a magistrate does not establish the magistrate as an autonomous judicial officer operating independently of the trial judge, subject only to some form of appellate review by the trial judge.
 {¶ 13} The objection filed by Mark Patterson to the magistrate's decision of September 10, 2002, consists of the following five parts:
 {¶ 14} "1. Mark Patterson objects to the finding of the Magistrate and the ruling that the Defendant is in contempt of the previous orders of the court.
 {¶ 15} "2. Mark Patterson further objects to the amount of support and arrearage payment set by the Magistrate. Amount of child support, spousal support, and arrearage set by the Magistrate is greater than the gross income of the Obligor. Such an amount is clearly not justified.
 {¶ 16} "3. Mark Patterson further objects to the court finding that it has jurisdiction to make these findings of fact and conclusions of law and resolve these filings when there was pending before the court an objection to the previous orders of the Magistrate.
 {¶ 17} "4. Mark Patterson objects to the finding of contempt when there was no finding by the Magistrate that he was able to pay the amount previously ordered.
 {¶ 18} "5. Mark Patterson further objects to the finding that he must pay attorney fees to counsel for the opposing party."
 {¶ 19} The key issue at the hearing before the magistrate was whether income should be imputed to Mark Patterson. The magistrate found, from the evidence presented, that income should be imputed to Mark Patterson, because he had an earning ability in excess of his actual earnings.
 {¶ 20} In overruling Mark Patterson's objections, the trial court made the following conclusions:
 {¶ 21} "Upon review of the record, the Court finds that the Defendant has not requested nor has he paid for a transcript to support his objections. The Court further finds from the face of the pleadings that the objections of the Defendant are factual in nature, and therefore require a transcript pursuant to Civil Rule 53.
 {¶ 22} "The Court finds that a transcript was necessary to review the Defendant's objection and the Court finds that the Defendant did not submit a satisfactory reason for the delay and failure to submit a transcript in support of his objection. Since the Court cannot rule on the Defendant's objection without a transcript, the Court finds the Plaintiff's Motion To Dismiss for failure to prosecute to be well taken."
 {¶ 23} Mark Patterson concedes that the first two grounds for his objection are factual in nature, so that the trial court properly invoked Civ.R. 53(E)(3)(c), in overruling those objections. Mark Patterson also concedes that the issue of whether he must pay attorneys fees depends upon the validity of his other objections to the magistrate's decision.
 {¶ 24} Mark Patterson contends that his third — and fourth-numbered objections are not factual in nature, so that the trial court erred by invoking the provisions of Civ.R. 53(E)(3)(c). With respect to Mark Patterson's fourth-numbered ground for his objection, we agree with the trial court that this objection is factual in nature. As the magistrate noted in the decision of September 10, 2002, the burden is on the party resisting contempt to show an inability to comply with the order that he is alleged to have violated. "Once the movant has sufficiently demonstrated the defendant's failure to pay the support as ordered, the defendant bears the burden of alleging and proving his inability to comply with the court order, as the order imports a finding of the court that the defendant is able to pay." Rinehart v. Rinehart (1993), 87 Ohio App.3d 325, 328, internal citations omitted.
 {¶ 25} Thus, the September 10, 2002 decision of the magistrate includes the following:
 {¶ 26} "Additionally, the Obligor did not provide concrete evidence to make a determination of his actual annual income.
 {¶ 27} ". . .
 {¶ 28} ". . . . Also[,] the current child support order itself imports a finding of the Court that the Obligor was able to pay."
 {¶ 29} In short, the burden was upon Mark Patterson to prove that he was unable to comply with the support order, the magistrate found that he had failed to provide satisfactory proof, and the trial court did not have a transcript of the proceedings before the magistrate to review that finding of fact. We conclude, therefore, that the trial court correctly determined that it was not required to consider Mark Patterson's fourth-numbered ground for his objection, pursuant to Civ.R. 53(E)(3)(c).
 {¶ 30} Mark Patterson's third-numbered ground for his objection contests the jurisdiction of the trial court. We agree with him that the trial court erred when it held that this part of his objection was factual in nature, thereby requiring a transcript. However, the trial court's jurisdiction with respect to the issues of contempt, spousal support and child support cannot be doubted. Mark Patterson appears to be contending that because he had objected to a previous order of the magistrate involving the subject matter, the magistrate, in the first instance, and the trial court, in review of the magistrate's decision, was without jurisdiction to consider the subject matter. At most, the pendency of an objection to a previous order of the magistrate would constitute a procedural irregularity, waivable by Mark Patterson.[1] Because the trial court was without a transcript of the hearing before the magistrate, there was no way to determine whether Mark Patterson had waived any claim of procedural irregularity.
 {¶ 31} In any event, the trial court, presided over by the trial judge, has jurisdiction over issues of child support, spousal support, and contempt arising from violation of orders of the trial court. That jurisdiction is not lost by reference to a magistrate.
 {¶ 32} It appears to this court that the trial court, in its entry filed March 29, 2002, essentially vacated both of the prior magistrate's decisions, both of which were the subject of pending objections by Mark Patterson, and referred all of the matters that were before the court at the time of the earlier magistrate's hearing, on November 29, 2001, together with any subsequent matters filed after that hearing, to the magistrate for hearing. The trial court had jurisdiction to enter its order of March 29, 2002. This conferred upon the magistrate the jurisdictional power to hear all of these matters, and in no way impaired the jurisdiction of the trial court, ultimately, to rule upon all of these matters.
 {¶ 33} Accordingly, we conclude that the third-numbered ground for Mark Patterson's objection — that the trial court was without jurisdiction to act — is clearly without merit, as a matter of law, so that the trial court properly overruled this ground for the objection, even though it may have erred in basing its overruling of this ground for the objection upon the application of Civ.R. 53(E)(3)(c). In short, the trial court's error in basing its overruling of this ground for Mark Patterson's objection upon the basis that no transcript was provided, is harmless.
 {¶ 34} Mark Patterson's sole assignment of error is overruled.
 III {¶ 35} Mark Patterson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan and Grady, JJ., concur.
[1] Actually, the trial court's decision to take all of the matters that were pending before the magistrate at the time of the December 13, 2001 and February 20, 2002 orders, and refer them anew to the magistrate for hearing appears to have been well within the trial court's discretion, considering the history of this case.