This is an appeal from an order of Domestic Relations Judge James P. Celebrezze that adopted the decision of Magistrate James R. Tanner Jr. Appellant Stanley Balwas (Balwas) claims it was error to deny his motions to show cause and not find appellee Donna M. Balwas (Ms. Balwas) in contempt of court. He asserts procedural errors during the hearing and suggests it was improper for the judge to refuse to take additional evidence prior to issuing the order adopting the magistrate's decision. We disagree and affirm.
The Balwases were divorced in October 1995, through a judgment entry which, inter alia, required Ms. Balwas to return a stamp and coin collection that Balwas had acquired over a life-time. In November 1, 1995, Balwas' lawyer picked up stamps and coins from the office of Ms. Balwas' lawyer and endorsed a receipt. On November 19, 1997, two years later, Balwas pro se filed a Motion For Contempt alleging Ms. Balwas violated the mandates of the divorce decree when she failed to transfer a bank account, divide the household goods and specifically charging that she sold the stamps and coin collection.[1] Ms. Balwas responded by affidavit refuting the charges, averred she gave the stamps and coins to her lawyer and attached the itemized receipt signed by Balwas' lawyer, acknowledging receipt of same.
On May 26, 1998, a hearing was held on the motion with Balwas proceeding pro se and Ms. Balwas represented by her lawyer. Prior to the hearing, the magistrate granted Ms. Balwas' oral motion in limine to exclude some of Balwas' proposed witnesses because he failed to file a witness list required by local rule. He was permitted to call his sister, Janine Rapo, as a witness, and to testify on his own behalf but was not allowed to call his nephew, Adrian Rapo, nor his divorce lawyer, David Mack, as witnesses. It appears that Mack was not present on the day of the hearing.
Ms. Rapo testified that she recalled her brother had a stamp collection and, while she could not recall how large it was, contended that she believed Ms. Balwas had not returned all of the stamps. From the record, it was apparent that she was aware of the stamp collection prior to the divorce, but was not aware of which stamps had been returned and testified only that she had seen a lunch bag of stamps that she believed Mack had delivered to her brother. Balwas had shown some stamps to his sister but did not offer the stamps as evidence. He did not establish, even through his own testimony, the size of his collection, what stamps were missing or even that the returned stamps did not constitute his entire collection. His testimony consisted of the following:
 A. All I'm begging the court to do is help me get my stamps back. And this whole thing shouldn't have even happened if she would have abided by the divorce decree.
 We wouldn't have to be here, wasting the Court's time and my time. And everybody else that has to take time off from work. Thank you.
The only evidence Balwas attempted to offer was a September 3, 1996 letter written to him in which Mack stated that, a few days earlier, Ms. Balwas stopped at his office and, among other things, told him she sold the stamp collection to pay doctor bills that had not been paid by Blue Cross.[2] Ms. Balwas' lawyer objected to the letter, claiming lack of foundation and hearsay and the magistrate sustained the objection and excluded the letter from evidence.
Ms. Balwas testified that she delivered the stamps and coins to her lawyer's office in compliance with the divorce decree. Her cross-examination by Balwas involved questions about albums but failed to establish her possession or sale of the stamps. The magistrate asked a single question:
 THE MAGISTRATE: Did you tell anybody that you sold some stamps of his?
 THE WITNESS: No. But I was very upset at a time when there was a bill that was not being paid because my ex-husband had gotten the money and refused to pay my doctor.
 And I could have said that I was going to sell the stamps, but I don't recall stating that I absolutely sold them. That's it.
Although he was given an opportunity to follow up on this line of questioning, Balwas could not establish when a sale (or prospective sale) of the stamps occurred. It remained unclear whether the statement in the excluded letter referred to events before or after the October 1995 divorce decree.
The magistrate denied Balwas' motion and, in his findings of fact and conclusions of law, found that he failed to show that Ms. Balwas had not returned his complete stamp collection and had failed to meet his burden. Through an attorney, Balwas filed objections to the magistrate's decision. The judge overruled the objections and adopted the magistrate's decision. Balwas raises the following assignments of error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED THE LAW WHEN IT DENIED STANLEY BALWAS HIS RIGHT TO PRESENT WITNESSES' TESTIMONY.
Balwas contends that Loc.R. 12 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, should have been interpreted to allow him to call witnesses without providing a witness list. The rule states the following:
 No party shall be permitted to call any witness, except rebuttal witnesses, whose name was not included on the witness list or any supplement thereto, unless good cause can be shown as to why the need for such witness was not known to the party until after the time for supplementing his witness list expired, or unless the identity of the witness was otherwise known to the opposing party. The court may however, in its discretion allow either party to call any witness whose name is not included on a witness list, when doing so will serve the interests of justice.
The magistrate exercised his discretion and allowed both parties to testify, as well as Rapo, who offered testimony about the stamp collection. Balwas contends he should have been permitted to have his nephew and his attorney testify on the basis that the identity of the witness was otherwise known to the opposing party because of Ms. Balwas' prior acquaintance with both men.
One cannot show that the identity of a witness was otherwise known to a party by merely showing that the party was acquainted with the witness. The question is whether the party was previously aware that the person was going to testify as a witness in the proceedings. Balwas does not argue that Ms. Balwas or her lawyer knew he intended to call his nephew and attorney as witnesses, and nothing in the record reveals their awareness of his intentions regarding witnesses. He asserts the magistrate should have allowed him to proceed in spite of his failure to file a witness list, invoking the platitude that cases should be decided on their merits, rather than procedural technicalities.
The failure to file a witness list, however, is not a technicality because principles of fairness dictate that each party be given an opportunity to prepare for the witnesses and evidence that will be admitted in court. We are not convinced that the procedural rule in question presents an unnecessary or overly burdensome stumbling block that denied Balwas a fair opportunity to present his case on the merits. The rule is designed to ensure fairness, and does not present an undue burden in the general case, and he has failed to show any reason why it constituted an undue or unnecessary burden in this case.
The second prong of this assignment of error is directed to the claim that Balwas was denied the opportunity to present rebuttal witnesses, asserting that he could have called both his nephew and lawyer in this capacity because rebuttal witnesses are not included in the witness list requirement of the local rule. This argument fails for several reasons. When asked by the magistrate whether he wished to present any rebuttal, Balwas declined. While he contends there was some irregularity preventing him from understanding his right to call rebuttal witnesses at that time,[3] there is nothing in the record to show that either his nephew or lawyer had testimony that would rebut that offered by Ms. Balwas. Rebuttal is not the time to offer witnesses to support one's prima facie case. The witness list rule cannot be avoided by offering unidentified witnesses in rebuttal.
In his objections to the magistrate's decision, Balwas failed to specify how his nephew's testimony would have rebutted that of Ms. Balwas or even supported his case in chief except for providing an opinion that the stamp collection was larger before the divorce. Similarly, he failed to explain the nature or substance of his lawyer's testimony or why that lawyer was not even present to testify. Even if Mack had been present to identify the letter he wrote to Balwas, it only memorializes alleged statements; it does not date the alleged sale. Without an indication of the evidence Adrian Rapo and David Mack would have offered, we cannot find the judge abused his discretion in overruling Balwas' objections.Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 360,676 N.E.2d 171, 173.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT SUSTAINED APPELLEE'S OBJECTIONS TO APPELLANT'S DOCUMENTARY EVIDENCE WHICH OBJECTIONS WERE NOT GROUNDED IN FACT OR LAW.
Balwas here contends it was error to exclude the September 3, 1996 letter on the basis of hearsay because it was not offered for the truth of the matter asserted therein but offered only to show that Ms. Balwas made statements inconsistent with her claim that she returned the stamp collection in its entirety. The argument fails to recognize that Ms. Balwas is not the declarant at issue for if she were, the statements would be admissible for their truth as admissions of a party-opponent. In this letter, however, the declarant at issue is the letter's author, David Mack; he wrote the letter, he asserted Ms. Balwas made the admissions, and his assertions are being offered to prove that she made the admissions. That is hearsay and inadmissible unless it falls under an exception to the rule and Balwas has offered no exception, and none is apparent.
The second assignment of error is overruled.
 III. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLEE WAS NOT IN CONTEMPT OF COURT WHERE THE UNCONVERTED (SIC) EVIDENCE SUPPORTED A FINDING THAT APPELLEE (sic) HAD IN FACT VIOLATED THE COURT'S DECREE OF DIVORCE.
Here Balwas claims that uncontroverted evidence showed that Ms. Balwas failed to return his stamp collection in its entirety because she had the burden of proving that she had done so. Contrary to his unsupported argument, the filing of his motion for contempt does not place the burden of proof on Ms. Balwas. He was required to show by clear and convincing evidence that she failed to comply with the court's order.Internat'l Merchandising Corp. v. Mearns (1989), 63 Ohio App.3d 32, 37,577 N.E.2d 1128, 1131. Only when Balwas succeeded in proving that she violated the order would the show cause burden shift to Ms. Balwas and she would be required to show justification, excuse, or compliance sufficient to avoid contempt. See, e.g., Pugh v. Pugh, 15 Ohio St.3d 136,139-40, 472 N.E.2d 1085, 1088 (once elements of contempt are shown, contempt defendant must prove inability to comply).
In this case, Balwas failed to meet his initial burden of proving that Ms. Balwas failed to return his stamps. He cites his own unrefuted testimony and that of his sister to assert that all the stamps were not returned only in the most oblique and obtuse terms. He did not state when or how he discovered that stamps were missing, nor did he state even in general terms the number or types of stamps that were missing.
Rapo's testimony did not aid in describing any missing stamps for she could state only that her brother had a stamp collection and believed it encompassed more than the lunch bag of stamps that she understood he had received from his lawyer. Balwas even failed to establish that the lunch bag of stamps was in fact the only part of his collection returned to him. He failed in his burden of proof.
The third assignment of error is without merit.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CONDUCT A DE NOVO REVIEW OF THE MAGISTRATE'S DECISION PRIOR TO DENYING APPELLANT'S OBJECTIONS.
Here Balwas accuses the judge of failing to review the hearing transcript and independently arriving at a conclusion. In ruling on the objections to the magistrate's decision, the judge had the findings of fact and conclusions of law, the hearing transcript, Balwas' original motion containing a copy of Mack's letter, and exhibits attached to Ms. Balwas' response. These materials were sufficient to allow the judge to review the facts and make an independent determination, which provides us with a basis for presuming that he made an independent decision unless otherwise demonstrated. Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 368, 676 N.E.2d 171, 177-78. Furthermore, we review the decision on a contempt motion on an abuse of discretion standard.Internat'l Merchandising Corp., 63 Ohio App.3d at 36, 577 N.E.2d at 1131.
Balwas contends that a review of the transcript would make the need for additional evidence apparent, and that the judge's failure to take additional evidence was an indication that he did not review the transcript. While a judge has the discretion to hear additional evidence to resolve a party's objections pursuant to Civ.R. 53(E)(4)(b), he may also refuse to hear such evidence under the same rule unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
Balwas failed to file a witness list, failed to present sufficient evidence through his witnesses, and failed to explain to the judge how excluded evidence and testimony would have helped his case. There is no obligation to give him another opportunity to present evidence that he should have presented to the magistrate, especially when there was no indication that the evidence would affect the outcome.
Balwas argues that the magistrate and the judge should have taken his prose status into account when assessing his failure to follow court rules and present sufficient admissible evidence and afford special treatment to non-lawyers who represent themselves. A pro se litigant is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants. Kilroy,111 Ohio App.3d at 363, 676 N.E.2d at 174. Even those courts that treat pro se
litigants more liberally recognize that they cannot provide limitless aid. State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206,614 N.E.2d 827, 832. Furthermore, Balwas is not in a class of persons, such as prison inmates, who are under a disability in seeking out or retaining counsel, nor is his case of the type considered vital to the public interest, such as a civil rights action or habeas corpus petition. Neither the magistrate nor the judge was required to render him any aid for, indeed, to have provided the aid he obviously required to present his case would have provided a basis for a valid objection by Ms. Balwas. See Tanton v. Zubkowicz (1992), 43 Ohio App.2d 1, 2, 331 N.E.2d 737, 738
(trial court abuses its discretion when it orders new trial based on party's failure to present evidence in an effective manner).
He who makes a decision to represent himself in the proceeding, takes the risk associated with that decision. Without more compelling reasons than those offered, we will not relieve Balwas of the consequences of his voluntary decision simply because the risk was realized.
The fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that the appellee recover from appellants her costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ ANNE L. KILBANE, JUDGE
KENNETH A. ROCCO, J., CONCURS.
ANN DYKE, A.J., CONCURRING IN JUDGMENT ONLY.
[1] In fact it appears that Balwas filed two identical motions with the domestic relations court, which were decided as one.
[2] The contents could support the inferences that the stamps had been sold before October, 1995 and that Balwas had been trying to obtain information about the missing stamps since then.
[3] Balwas claims that his pro se status prevented his understanding and effective presentation of his case, thus constituting an irregularity requiring correction. We discuss and reject this argument infra.