JOURNAL ENTRY AND OPINION
This is an appeal from an order of Domestic Relations Judge Anthony J. Russo that adopted the decision of Magistrate M. Joan Corsi dismissing appellant Janine Bauman's motion to show cause and seeking contempt sanctions against her former husband, appellee Mark Rex. On a motion to modify child support, Bauman, fka Janine Rex, claimed that Rex falsified documents to avoid paying increased child support, and that he attempted to mislead the magistrate by presenting those documents as authentic. Rex denies the allegation, and counters that the documents did not aid his case because he was ordered to pay increased child support. We affirm.
After eighteen years of marriage, Bauman and Rex were divorced on May 30, 1997. There was a shared parenting plan for their two children and Rex was to pay Bauman $800 per month as support for each child. Because she believed Rex's income had increased, Bauman filed a motion to modify child support on April 14, 1999, and on November 3, 1999, the magistrate held a hearing on that motion.
Although the transcript of this hearing is not part of the record, the magistrate's decision shows the issue centered on the structuring of Rex's income from his employment in a family-owned corporation. Bauman contended that payments Rex had received from the corporation were considered bonuses, but Rex claimed they were loans and presented fax copies of promissory notes showing his obligation to repay these funds advanced by the corporation. At the same time, however, Rex had agreed to a deferred bonus plan which was to pay him $425,000 in bonus money in 2005, after both his children reached majority. In her decision, the magistrate described the facts as follows:
 More significant are the regular cash disbursements that Defendant [Rex] received from the company in 1998 which totaled $82,000.00. Defendant presented three (3) promissory interest bearing notes as evidence that $52,000.00 was borrowed from the corporation. These notes bear an interest rate of $4.95% [sic] and are payable on January 1, 2006. After the lunch recess, Defendant returned to the hearing with fax copies of three (3) additional notes for monies borrowed from the corporation by Defendant. Plaintiff objected to the admittance of these notes, and the magistrate finds that pursuant to Evidence Rule 901(B), the only testimony as to the authenticity of the copies was that of the Defendant. No other person was called as a witness to establish the authenticity or purpose of the notes.
 Aside from the purported claim of the defendant that these monies were to be repaid to the corporation, the totality of evidence leads the magistrate to conclude that the Defendant has ready access to corporation funds.
 The source of these funds appears to be related to the Deferred Bonus Agreement (Exhibit 14) dated December 31, 1998. Pursuant to this agreement, the Defendant would receive an annual bonus payable in one installment on the seven year anniversary of the date of the award.
 Further, at a special meeting of the Board of Directors on December 31, 1998, it was resolved that Mark R. Rex received a $435,000.00 bonus for the year of 1998 of which $10,000 would be distributed as soon as reasonably practicable and $425,000.00 to be paid pursuant to the terms of that certain Deferred Bonus Agreement. This bonus would be payable on December 31, 2005. The minor children would be emancipated in approximately 2002 and 2004 or prior to the payment of the bonus. Magistrate's Decision, Cuyahoga County Domestic Relations Case No. DR95242718, filed Feb. 1, 2000.
The magistrate concluded that the deferred bonus provisions, bolstered by Rex's ready access to funds from the corporation, required the inclusion of the $435,000 in determining Rex's child support obligation, and apportioned the $435,000 payment in seven equal installments for the years 1999 through 2005. There were no objections to the magistrate's decision, and the judge adopted it on February 28, 2000.
On November 16, 1999, however, prior to the magistrate's decision on the motion to modify child support, Bauman filed a motion to show cause and for attorney's fees, requesting contempt sanctions against Rex for his presentation of allegedly false documents at the November 3, 1999 hearing. Bauman contended that the fax copies of the promissory notes Rex presented at the hearing did not accurately correspond to the purported originals of those copies produced later.
On January 13, 2000, at the hearing on this motion, Bauman questioned Rex and asked him to compare the copies and originals and he responded that they appeared similar to him. Although these documents appear to have been marked as exhibits during the January 13, 2000 hearing, they were neither offered nor received into evidence, and are not part of the record on appeal.
On February 17, 2000, the magistrate issued a decision dismissing Bauman's motion to show cause, finding that: 1) the allegedly falsified documents were submitted to the Court but were not admitted as evidence at the November 3, 1999 hearing ; 2) that Rex, the only witness called to testify about the documents, stated that he found no appreciable difference between the copies and the originals, and; 3) that Bauman presented no other witnesses in support of her allegations. The magistrate concluded that Rex did not impede or obstruct or mislead the Court regarding the hearing for a support modification or the establishment of Defendant's gross income.
Bauman filed objections to the magistrate's decision and on May 30, 2000, the judge overruled the objections and adopted the decision.
Bauman's first assignment of error states:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO TAKE JUDICIAL NOTICE THAT THE PURPORTED ORIGINAL DOCUMENTS OFFERED AS EVIDENCE WERE NOT THE SAME AS THE FAXED COPIES.
The crux of Bauman's motion to show cause and request for attorney fees was that Rex had submitted patently falsified documents at the hearing on the motion to modify child support for the purpose of misleading the magistrate. During her closing argument at the hearing on the motion to show cause, she stated I believe this Court is capable of taking judicial notice in comparing Plaintiff's Exhibits 1, 2 3 with Defendant's Exhibits E, F, G, and, when the magistrate failed to do so, Bauman claims it was error.
Judicial notice is mandatory when such notice is requested and a judge is supplied with the necessary information. Evid.R. 201(D). Bauman contends that she presented the documents for comparison, and that those documents constitute facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned. Evid.R. 201(B)(2). Unfortunately, even if Bauman properly requested judicial notice and presented facts (the documents) to the magistrate,[1]
she failed to present those facts to the judge or to this court, thereby preventing our review of the question.
Bauman also failed to include in the record on appeal, the transcript of the November 3, 1999 hearing on the motion to modify child support. Even if she had, however, it appears from the magistrate's decision that the documents at issue were not admitted into evidence at that time. At the January 13, 2000 hearing on the motion to show cause, Bauman apparently presented to Rex both the original documents and the purportedly false copies, but did not offer them into evidence, and the magistrate did not receive them into evidence. She did not include the exhibits, or any other evidence referred to in the January 13th transcript or otherwise, in her objections to the magistrate's decision, as required by Civ.R. 53(E)(3)(b) and none of the documents are in the appellate record. We are left with only the evidence the magistrate mentioned in her decision, to wit: Rex's testimony that he saw no appreciable difference between the copies and the originals. Moreover, because this testimony was not properly included as part of Bauman's objections to the magistrate's decision, it is not properly before this court on appeal.
We review a judge's decision in a contempt proceeding for abuse of discretion. Internat'l Merchandising Corp. v. Mearns (1989),63 Ohio App.3d 32, 36, 577 N.E.2d 1128, 1131. On the evidence submitted, we cannot find an abuse of discretion in overruling Bauman's objection concerning judicial notice and adopting the magistrate's decision. The first assignment of error is overruled.
The second assignment states:
 II. THE TRIAL COURT ERRED IN FAILING TO FIND MR. REX GUILTY OF CONTEMPT FOR PRESENTING SPURIOUS DOCUMENTS TO THE COURT EVEN THOUGH THE COURT WAS NOT MISLEAD [sic] OR OBSTRUCTED.
While we agree that an attempt to submit false evidence justifies contempt sanctions regardless of its success,[2] we see no evidence the magistrate or judge withheld contempt sanctions for improper reasons. In making her decision, the magistrate cited The Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 56, O.O.2d 31, 271 N.E.2d 815, defining contempt as conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions. Id., paragraph one of the syllabus. The magistrate then stated only that Rex's actions did not impede or obstruct or mislead the Court * * *. Although Bauman contends that this statement can only mean that the magistrate found Rex had submitted false documents, we disagree. Bauman argues that the magistrate found as a matter of fact that Rex had submitted false documents which were recognized as such. The statement, however, can just as easily be interpreted to mean that Rex's actions were not misleading because the magistrate found the documents authentic.
We will presume that a judge's written decision properly applies the law, when it can reasonably be interpreted to do so, just as we presume that a judge has properly applied the law when no written findings and conclusions are requested. Cf. Ratliff v. Dept. of Rehab. Corr. (1999), 133 Ohio App.3d 304, 311-12, 727 N.E.2d 960, 965-66. Bauman has not shown why the magistrate's decision must be interpreted as misapplying the law when it reasonably can be understood as a proper application.
Bauman apparently believes the magistrate could not have properly decided the child support modification without finding Rex's documents to be fabricated, but such a belief is mistaken. Had the magistrate taken Rex's documents at face value, she could have come to the same conclusion because she juxtaposed Rex's access to corporate funds with his deferred bonus arrangement.
Again, we do not mean to suggest that an attempt to mislead a judge should be ignored simply because it is irrelevant or unsuccessful. Instead, as we noted, supra, this court has no record upon which to conclude that any error occurred below. We have no documents, and the only testimony discussing them suggests that they are not fraudulent. Furthermore, neither the documents nor the original testimony discussing them was presented to the judge through Bauman's objections. The second assignment of error is overruled.
Judgment affirmed.
It is ordered that the appellee recover from appellant his costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Division of Domestic Relations, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND PATRICIA ANN BLACKMON, J., CONCUR
[1] Questions upon which we express no opinion.
[2] In fact, any attempt in which contempt sanctions are considered would necessarily be unsuccessful — a successful attempt would never be discovered.