OPINION
Plaintiffs-appellants Gleason Construction Co., Inc., Scott L. Clausen and their attorney, John A. Murphy, Jr., appeal the December 21, 2000 Judgment Entry of the Ashland County Court of Common Pleas which found appellants in contempt of court and ordered them to pay fines and costs associated with the contempt — Defendant-appellee is Michael Dean Chilcote.
 STATEMENT OF THE CASE AND FACTS
On May 1, 1996, Michael Chilcote filed an action for personal injuries he sustained in a motor vehicle accident. The matter proceeded to a jury trial before The Honorable Jeffrey Runyan on December 19, 2000. After voir dire. and outside the presence of the jury, the trial court ruled on various motions in limine. Specifically at issue herein, the trial court granted appellees' motions to exclude evidence of Mr. Chilcote's conviction for driving while under the influence of alcohol; evidence of Mr. Chilcote's failure to pay child support; and Mr. Chilcote's use of marijuana.
During a 3 1/21hour cross examination of appellee's treating physician, Dr. Knipe, appellant Attorney Murphy, began to question Dr. Knipe in areas which had been addressed in the trial court's rulings on the motions in limine. Dr. Knipe had opined Mr. Chilcote suffered from depression. Mr. Murphy began to question Dr. Knipe about potential stressors which could effect the diagnosis of depression. Mr. Murphy's questioning focused on the possible stressors in "one's life although the questions were tailored to appellee's condition.
Attorney Murphy addressed stressors including death of a loved one, failed relationships, debt, and legal issues. Appellee's counsel objected and the trial court instructed Mr. Murphy to confine his list to issues Mr. Murphy could tie up in the course of evidence in the matter. Mr. Murphy assured the court he would and continued his cross-examination. However, shortly after this assurance, Mr. Murphy asked Dr. Knipe If jail was a sub-issue of "legal issues," and whether incarceration could be considered a "stressor."
Appellee's counsel objected and asked to approach. The trial court dismissed the jury and granted appellee's motion for a mistrial.
In a December 21, 2000 Judgment Entry, Judge Runyan found appellants in contempt of court for violating the trial courts order. Appellants filed their notice of appeal on January 22, 2001. On February 8, 2001, Judge Runyan issued an Order to appear and show cause why Mr. Murphy should not be held in further contempt for failure to comply with the December 21, 2000 Judgment Entry. Appellants now appeal from the December 21, 2000 Judgment Entry, and the February 8, 2001 Judgment Entry, assigning the following errors for our review:
 I. WHEN A TRIAL COURT ISSUES A PRELIMINARY RULING ON A MOTION IN LIMINE WHICH UNAMBIGUOUSLY PROVIDES THAT COUNSEL MAY LAY A FOUNDATION FOR THE EVIDENCE SOUGHT TO BE EXCLUDED, BUT THAT COUNSEL MUST APPROACH THE TRIAL COURT BEFORE ASKING THE "ULTIMATE QUESTION," IT IS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FIND COUNSEL IN CONTEMPT OF THE RULING FOR LAYING A FOUNDATION.
 II. WHEN A TRIAL COURT'S PRELIMINARY RULING ON A MOTION IN LIMINE IS NOT CLEAR, DEFINITE, AND UNAMBIGUOUS, OR WHEN THE RULING IS SUBJECT TO DUAL INTERPRETATIONS, IT IS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO HOLD COUNSEL IN CONTEMPT FOR VIOLATING THE RULING.
 III. WHEN A TRIAL COURT IMPOSES A PENALTY FOR A VIOLATION OF A PRELIMINARY EVIDENTIARY RULING WHICH IS NOT COMMENSURATE WITH THE OFFENSE, THE TRIAL COURT ABUSES ITS DISCRETION AND THE PENALTY MUST BE REDUCED OR VACATED ON APPEAL.
 I, II
In appellants first assignment of error, they maintain the trial court abused its discretion in finding Mr. Murphy in contempt when it unambiguously permitted counsel to lay a foundation prior to asking the "ultimate question." In their second assignment of error, appellants contend the trial court's ruling on the motions in limine was not clear, definite, and unambiguous. Appellant argues it was an abuse of the trial court's discretion to find counsel in contempt for violating such a ruling.
The law is settled in Ohio that the power of the court to determine contempt is inherent[1] and within its sound discretion[2], however, the record must affirmatively show that the conduct constituted an imminent threat to the administration of justice to uphold guilt by contempt.[3] If the contempt charge is promised on a party's failure to obey an order of the court, then the order must be clear and definite, unambiguous and not subject to dual interpretations, and the contemnor must have knowledge of the order.[4] Where the meaning of a courts order is plain on its face, a party's misunderstanding of that order and its mandate does not make the order ambiguous nor a defense to a contempt proceeding.[5]
We find no ambiguity in the trial court's ruling on the motions in liming. In a hearing held outside the presence of the jury, the trial court stated:
 * * * We have three other motions in limine which the court is going to treat it together. They are the motion to exclude evidence of the child support payments and/or proceedings, to exclude evidence of plaintiff's use of medicinal marijuana, and plaintiff a motion to exclude evidence of plaintiffs driving under the influence of alcohol convictions. Those have all been granted. And that is the court's summary of the motions in in limine at this point.
 MR. MURPHY: But I want the record clear that my position on these motions was to agree to not bring them up early on, voir dire, opening statement.
 But I also made it clear to the court in chambers that I believe that it's all admissible and that I will lay a foundation and that I will bring it to the court's attention when that ultimate question is coming.
THE COURT: That is correct.[6]
Mr. Murphy questioned appellants expert, Dr. Knipe, about potential stressors which could effect a diagnosis of depression. Appellant had been diagnosed with depression by another physician, Dr. Shaumberg. The following exchange took place on the record:
 Q. It's not uncommon for people to have a stressor called death of a loved one to suffer from depression, correct?
A. Yes.
 Q. In your experience, there are a number of things that are significant stressors in people's lives, correct?
A. Yes.
Q. Death or illness of a loved one?
A. Yes.
Q. Divorce?
A. Yes.
 Q. Similar to divorce, the ending of a long-term relationship that's a marital type relationship can fall under that same category, can't it?
A. Yes.
 Q. I'll just put "relation." Debt. Debt is a big stressor, isn't it?
A. Yes.
Q. How about legal issues. That's pretty big, isn't it?
A. Yes.
 Q. Now legal issues can be just what we're doing here; being involved in a lawsuit can be a stressor can't it?
A. Do I have to answer yes to all these?
Q. Until we get them all written down.
A. Yes, it can be.
 Q. Other kinds of legal issues, like doing something illegal, running afoul of the laws can be a stressor, can't it?
A. Yes, it can.
 MS. DAVIS: Objection, Your Honor. We're now getting into some areas that are really questioned here. I don't know how much longer the list is going to go.
 THE COURT: We're going to ask counsel if you would please confine your list to issues that you reasonable assume you're going to tie up in, the course of the evidence in this matter.
MR. MURPHY: We are.
THE COURT: All right.
Q. Jail would be a sub-issue of a legal issue, right?
A. Yes.
 Q. Somebody goes to jail, that's a psychosocial stressor generally; you're a way from your family?
 MS. DAVIS: Objection, Your Honor. May we approach, please?
 THE COURT: After an objection was raised, you have persisted in mentioning something very prejudicial with regard to. this. defendant's background having to do with unlawful activity and jail.
 Both of those items were touched on in the motions in limine, and the court's order was clear that until and unless those matters were appropriately made relevant, which they have not yet been, that you would not inquire about them or mention them in front of the jury. And yet you have insisted to do that not once but twice. And after counsel has timely objected on the first one.[7]
We find the trial court's order was clear. Appellant was not to raise issues prohibited by the trial courts rulings on the motions in limine until first bringing the matter to the courts attention. We further find Mr. Murphy clearly violated the order in asking questions about excluded evidence without first clearing the topics with the trial court.
Accordingly, appellants' first and second assignments of error are overruled.
 III
In appellants' third assignment of error they maintain the trial court imposed a penalty which was disproportionate to the offense. We disagree.
 Courts, in their sound discretion, have the power to determine the kind and character of conduct which constitutes direct contempt of court. In imposing punishment for acts of direct contempt, courts are not limited by legislation but have the power to impose a penalty reasonably commensurate with the gravity of the offense.[8]
The trial court ordered appellant to pay for the costs associated with empaneling the jury, appellee's attorney's fees and the expert witnesses preparations and attendance fees. We find such a penalty to be reasonably commensurate with the gravity of the offense.[9] Accordingly, appellants' third assignment of error is overruled. The December 21, 2000 Judgment Entry of the Ashland County Court of Common Pleas is affirmed.
Hon. W. Don Reader, J., (Retired from the Fifth District), Hon. Lawrence A. Grey, J., (Retired from the Fourth District), Hon. Lynn Slaby, J., (All Judges Sitting by Supreme Court Assignment).
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the December 21, 2000 Judgment Entry of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Zakany v. Zakany (1984), 9 Ohio St.3d 192.
[2] State v. Christon (1990), 68 Ohio App.3d 471, Internat'lMerchandising Corp. v. Meams (1989), 63 Ohio App.3d 32, Hughes v. Hughes
(1991), 72 Ohio App.3d 286.
[3] State v. Conliff (1978), 61 Ohio App.2d 185; State v. Saltzman (Oct 9, 1980), Cuyahoga App. Nos. 41863 and 41864, unreported; see also In re:Williams (Aug. 23, 1990), Cuyahoga App. No. 56908, unreported.
[4] Ahmed v. Reiss S.S. Co. (1984), 580 F. Supp. 737, affirmed In re:Jacques (1984), 761 F.2d 302, cert. denied Jacques v. Aldrich (1984),475 U.S. 1044, 106 S-Ct. 1259, 89 L.Ed.2d 570. See also Longshoreman'sAssoc. v. Maine Trade Assoc. (1967), 389 U.S. 64, 76, 88 S-Ct, 201, 19 L.Ed-2d 236.
[5] See Longshoreman's Assoc., supra.
[6] Tr. at 70-71.
[7] Tr. at 238-241.
[8] State v. Local Union 5760 (1961), 172 Ohio St. 75, (15 0.0.2d 133, 173 N.E.2d 331), paragraph four of the syllabus, approved and followed.
[9] See, State v. Kilbane (1980), 61 Ohio St.2d 201, paragraph one of the syllabus.