ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
 {¶ 2} Charles Norwood II ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 3} Charlie Norwood ("Charlie") is a 75-year-old man suffering from bipolar affected illness, mild mixed dementia, and alcohol abuse. The probate court found that he did not have the capacity to care for himself or his estate because of his illnesses.
 {¶ 4} The record indicates that appellant was the previously appointed guardian of Charlie. However, there were problems with the guardianship, and a motion to remove appellant as guardian was filed. As a result, James H. Hewitt III ("Hewitt") filed an application to be appointed guardian for Charlie. The probate court thereafter appointed Hewitt as successor guardian over Charlie's estate and Louis Bragg as guardian over Charlie's person.
 {¶ 5} On December 10, 2004, appellant moved the probate court to remove Hewitt as guardian. On December 29, 2004, this motion came before the court and was settled and dismissed. On July 25, 2005, appellant filed a "motion for review of guardianship against Mr. James H. Hewitt III." This motion was heard by the probate court and denied.
 {¶ 6} A status hearing was held on September 16, 2005. Although appellant was given notice, he failed to appear. However, various interested parties did appear, including Charlie, the two guardians, and appellant's sister. As a result of this hearing, the probate court directed Hewitt to order appellant to leave Charlie's premises.[1] Appellant then filed a "motion for appeal of decision and disqualification of magistrate Heidi M. Koenig" on September 22, 2005. This motion was denied by the probate court. Although appellant was supposed to leave his father's residence, he did not do so. Therefore, on October 6, 2005, Hewitt filed a motion for a restraining order requesting that the probate court order appellant to vacate Charlie's residence.
 {¶ 7} On October 17, 2005, prior to the hearing for a preliminary injunction, appellant filed another motion to remove Hewitt as guardian of Charlie. The motion was scheduled for a hearing on October 21, 2005, the same time as the motion hearing for the preliminary injunction. On October 21, 2005, the motion for preliminary injunction and the motion to remove the guardian came before the probate court. The court granted the first motion and denied the second. As a result, appellant was enjoined from either residing at, or visiting (overnight), 11401 Clarebird Avenue, Cleveland, Ohio. On November 21, 2005, appellant filed his notice of appeal.
 I. {¶ 8} Appellant's assignments of error state the following:
 {¶ 9} I. "The court erred as a matter of law in the juristiction [sic] of the injuctive [sic] relief."
 {¶ 10} II. "The court erred as a matter of law in the procedural requirements for report of ederly [sic] abused or neglected adults."
 {¶ 11} III. "The court erred as a matter of law in the requirments [sic] for objecting to a magistrate's decision."
 {¶ 12} IV. "The court abused its decrescretion [sic] in approving a preliminary injuction [sic]."
 II. {¶ 13} Appellant argues that the probate court erred as a matter of law regarding its jurisdictional and procedural requirements.[2] We find appellant's argument to be without merit.
 {¶ 14} R.C. 2101.24, jurisdiction of probate court, states the following:
"(A) (1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
"* * *
"(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;"
 {¶ 15} R.C. 2111.50, court is superior guardian and guardians must obey all orders; determination of ward's best interest, states the following:
"(A) (1) At all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians who are subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships."
 {¶ 16} Ohio law provides that the probate court is vested with the exclusive jurisdiction to appoint and remove guardians, direct and control their conduct, and settle their accounts. Moreover, the probate court is the superior guardian of wards subject to its jurisdiction, and all guardians subject to its jurisdiction shall obey all orders of the probate court.
 {¶ 17} Appellant argues in his brief that R.C. 5123 and 5126 support his position. However, these two sections of the law concern the department of mental retardation and developmental disability and the county boards of mental retardation and developmental disability and do not apply to this appeal.
 {¶ 18} Appellant's assignment of error is overruled.
 III. {¶ 19} Appellant argues that the court erred as a matter of law in the requirements for objecting to a magistrate's decision. However, the appeal presently before this court does not concern the magistrate. Appellant's specific appeal in this case deals with the order granting the motion for a preliminary injunction and not the motion for a temporary restraining order.[3]
This matter was not heard by a court magistrate but rather by Judge John Donnelly, presiding judge of the probate court. Appellant's argument that the judge's decision should be reversed because the magistrate acted improperly does not apply.
 {¶ 20} In addition, appellant argues that he was not afforded a meaningful review of the factual determinations of the magistrate, i.e., he never received findings of facts and conclusions of law. However, appellant never requested findings of fact and conclusions of law from the court as authorized by Civ.R. 52. Rule 52, findings by the court, provides the following:
"When questions of fact are tried by the court without a jury,judgment may be general for the prevailing party unless one ofthe parties in writing requests otherwise before the entry ofjudgment pursuant to Civ.R. 58, or not later than seven daysafter the party filing the request has been given notice of thecourt's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
(Emphasis added.)
 {¶ 21} Accordingly, appellant's assignment of error is overruled.
 IV. {¶ 22} Appellant argues that the court abused its discretion in approving a preliminary injunction.
 {¶ 23} An appellate court will not reverse the decision of a lower court in a contempt proceeding absent an abuse of discretion. Internatl. Merchandising Corp. v. Mearns (1989),63 Ohio App.3d 32; State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10. A court has authority to punish the disobedience of its orders with contempt proceedings. Zakany v. Zakany
(1984), 9 Ohio St.3d 192, 459 N.E.2d 870, syllabus.
 {¶ 24} In deciding whether to grant a preliminary injunction, a court must look at: 1) whether there is a substantial likelihood that plaintiff will prevail on the merits; 2) whether plaintiff will suffer irreparable injury if the injunction is not granted; 3) whether third parties will be unjustifiably harmed if the injunction is granted; and 4) whether the public interest will be served by the injunction. Valco Cincinnati, Inc. v. NDMachining Service, Inc. (1986), 24 Ohio St.3d 41; Goodall v.Crofton (1877), 33 Ohio St. 271.
 {¶ 25} Here, we find that the elements in Valco were satisfied. First, appellant had no right to be at the premises. Accordingly, there is a substantial likelihood that he would be ordered to vacate. Second, the probate court found that the ward was likely to suffer injury if the preliminary injunction was not granted and appellant was allowed to stay at the premises where he had no right to be. Third, no third parties suffered unjustifiable injury as a result of the appellant being ordered to leave. And finally, it is in the public's interest to prevent harm and provide for the safety of disabled individuals, such as Charlie in this situation.
 {¶ 26} Accordingly, this assignment of error is overruled.
 V. {¶ 27} Appellant argues in his final assignment of error that the court erred in its jurisdiction in granting an injunctive relief. Again, we find appellant's argument to be without merit.
 {¶ 28} Appellant argues Hewitt's intent was to effect an eviction through injunctive relief, and the matter should have been referred to the housing court division of the Cleveland Municipal Court. We find appellant's argument to be misplaced. The probate court's actions alone did not evict appellant from Charlie's home. The probate court did not send court officials to physically remove appellant and his property. The probate court only found appellant to be a disruptive influence on Charlie and ordered appellant to leave. As far as the actual eviction is concerned, appellant was served with a three-day notice to leave on September 30, 2005, and on October 6, 2005, a petition for the eviction of appellant was filed with the Cleveland Municipal Court.[4]
 {¶ 29} The probate court has the authority to determine that the appellant was a disruptive influence on Charlie, and it would be in the best interest and safety of Charlie for the appellant to leave the premises. See, e.g., R.C. 2101.24(A)(1)(s),2101.24(C), and 2111.50.
 {¶ 30} Accordingly, appellant's final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Corrigan, J., concur.
[1] See motion of complainant guardian of the estate for issuance of temporary restraining order against appellant.
[2] The numbering on appellant's assignment of error page differs from the numbering of the assignments of error in his brief. We will address appellant's assignments of error in the order he did in the body of his brief.
[3] See notice of appeal; judgment entry filed October 20, 2005.
[4] See motion of James H. Hewitt III, guardian of the estate, for preliminary injunction.